CHARLES HILSABECK
Assistant General Counsel
University of Nevada, Reno
Nevada Bar No. 4289
Nevada System of
Higher Education
2601 Enterprise Road
Reno, Nevada 89512
(775) 784-4901 ext. 232
(775) 784-1127—FAX
*Attorneys for Defendants
Burnett and Vreeland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| SANDRINE GAILLARD,<br><br>Plaintiff,<br><br>vs.<br><br>BRUNO LE GALLOUDEC, an individual, NATHALIE LE GALLOUDEC, an individual, JOHN BURNETT, an individual, JANNET VREELAND, and individual, MILTON GLICK, an individual.<br><br>Defendants. | Case No.: 3:07-cv-00104-BES-RAM<br><br>**PROPOSED**<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff SANDRINE GAILLARD, through her attorney, Jeffrey A. Dickerson, Esq., and Defendants, through their attorneys, Assistant General Counsel Charles Hilsabeck, hereby stipulate as follows:

WHEREAS, Plaintiff seeks to possess certain confidential documents pertaining to investigations regarding Plaintiff;

WHEREAS, such information and documents are/or may be confidential pursuant to NSHE Code Title 2, Chapter 5, Section 5.6.2 and may not be released without a written release or a court order, are/or may be confidential pursuant to NAC 284.718, and are/or may be considered sensitive, embarrassing, and confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, which provides in part that the court "may make any order which justice requires to

protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery . . . ." The parties to this action agree that this Stipulated Protective Order is necessary to prevent disclosure and/or dissemination of sensitive, embarrassing, and confidential information and to protect the privacy interests and personal information of persons who are and who are not parties to this action.

WHEREAS, the documents that may be considered sensitive, embarrassing, and confidential, and which are to be protected by this Order are Bates Stamped as follows: UGAIL00001 through UGAIL00154.

WHEREAS, the Court has considered the sensitive, embarrassing, and confidential nature of the documents which are the bases of this stipulation and the associated privacy interest in the confidentiality of such information and documents. The Court considers such factual bases to meet the burden of "good cause."

WHEREAS, the parties desire to provide for the orderly production of such information and documents while insuring the maintenance of the confidentiality thereof;

NOW THEREFORE, upon the stipulation of the parties, and in consideration of the foregoing, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The documents to which are affixed Bates Numbers UGAIL00001 through UGAIL00154 shall be marked "CONFIDENTIAL" and "DO NOT DUPLICATE" by Defendants prior to producing such documents pursuant to an interrogatory, request for production, subpoena, any other discovery method, or voluntarily.

2. Counsel for the parties shall maintain any documents produced pursuant to this Protective Order in their sole possession, custody, and control. Counsel for the parties counsel will not duplicate any documents produced pursuant to this Protective Order except as may be provided in this Protective Order or by agreement of the parties.

3. In the event that any of the parties to the present litigation desire to file with the Court any documents produced pursuant to this Protective Order and marked as "CONFIDENTIAL" and "DO NOT DUPLICATE," the parties agree that the filing party shall file such documents under seal.

L04.138.1

4. In the event that any documents which are the subject of this Protective Order are introduced as exhibits to depositions, a notation or cover shall be affixed to the front of the deposition stating that information protected from disclosure by this Protective Order is contained therein. Defendants shall have the responsibility to request that the reporter include such a notation or cover. All such documents shall be clearly marked "CONFIDENTIAL" and "DO NOT DUPLICATE." In the event that any of the parties to the present litigation desire to file with the Court any depositions containing documents produced pursuant to this Protective Order and marked as "CONFIDENTIAL" and "DO NOT DUPLICATE," the parties agree that the filing party shall file such documents under seal.

5. Documents, electronic files and data, and information so marked or designated shall not be disclosed to persons other than an Authorized Person as herein provided, or as provided in paragraph 7. Disclosure to Authorized Persons means disclosure of information contained in the documents. Copies of documents will be provided to Authorized Persons, other than the attorneys for the parties to the instant litigation, only by the written agreement of counsel.

6. An "Authorized Person" is defined to be and is limited to: (1) a party to the instant litigation; including directors, officers and employees of defendant NSHE; (2) any of the attorneys for the parties to the instant litigation, including their employees and office personnel and any court reporter retained by such attorneys to transcribe deposition testimony; (3) an expert hired or retained by any party to review, report or potentially or actually testify with respect to an issue or matter which may require or necessitate such expert to view information and documents protected from disclosure by this Protective Order; (4) any other person whom the parties to the instant litigation jointly designate in writing to be an Authorized Person; or (5) any other person designated to be an Authorized Person hereunder by the Court after due motion, notice and hearing. Authorized Persons other than the parties and their attorneys shall, before they are exposed to documents or information covered by this Protective Order, execute an affidavit in the form attached as Exhibit A to this Protective Order stating that they have read and agree to be bound by the terms of this Protective Order.

///

L04.138.1

7. In addition to Authorized Persons, documents or information covered by this Protective Order may be disclosed by an Authorized Person to (1) any deponent in the instant matter or (2) any witness in the instant matter, so long as said deponent or witness otherwise has prior knowledge, independently of disclosure pursuant to this paragraph, of the particular document or information being disclosed. Disclosure to individuals set forth in this paragraph shall only occur if and when any such individual or entity has executed an affidavit in the form attached as Exhibit A to this Protective Order stating that they have read and agree to be bound by the terms of this Protective Order. Nothing in this paragraph shall limit or otherwise affect paragraph 6. A copy of each Exhibit A signed by any individual or entity to whom information covered by this Protective Order has been disclosed pursuant to this Protective Order, shall be provided to the opposing party, if requested, following the conclusion of the above-styled cause of action (i.e. upon settlement, or final judgment).

8. No documents or information covered by this Protective Order may be disclosed to representatives of the press, news media, or other media in the absence of a court order.

9. In the event any person or party subject to this Protective Order having possession, custody or control of any documents produced pursuant to this Protective Order receives a subpoena or other process or order to produce such documents in a different proceeding or case, such person or party shall promptly notify in writing the attorneys of record in this case of the party claiming such confidential treatment of the item, document or information sought by such subpoena or other process or order; shall furnish those attorneys of record in this case with a copy of said subpoena or other process or order; and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the party whose interests may be affected. If the party asserting confidentiality makes a timely motion to quash or modify such subpoena, process or order, unless otherwise ordered by a court of competent jurisdiction, there shall be no disclosure of the subject matter objected to pursuant to the subpoena, process or order until the Court having jurisdiction of the controversy has ruled upon the motion, and then only in accordance with the ruling so made.

10. All documents or information covered by this Protective Order that are disclosed to individuals or entities listed in Paragraphs 6 and 7, above, shall be kept confidential and shall be

L04.138.1

1  used only to investigate, prosecute or defend claims asserted in the above-styled litigation, and shall
2  not be used for any other purpose whatsoever, other than documents produced to an administrative,
3  regulatory or governmental body or agency if requested.

4    11. The inadvertent or earlier production or provision of documents and information which
5  later may be deemed confidential by the party or witness producing or providing the same shall not
6  be construed to be a waiver of such party's or witness' right to designate the same as confidential
7  pursuant to an Order of this Court, and such designation may be made at such later time as if made
8  contemporaneously with the production or provision of such documents and information; except that
9  no party or witness shall be deemed to have violated the terms of this Protective Order because of a
10 disclosure of such documents and information prior to the designation of such documents and/or
11 information as confidential pursuant to a subsequent Order of this Court.

12    12. Nothing in this Stipulated Protective Order shall prevent the parties from filing a motion
13 seeking to remove from the protection of this Stipulated Protective Order any documents designated
14 by Defendants as "CONFIDENTIAL" and "DO NOT DUPLICATE." Any such motion shall be filed
15 under seal.

16    13. Nothing in this Stipulated Protective Order shall impede or otherwise affect the right of
17 any party to the instant litigation to file a motion seeking, or submit a Stipulated Protective Order
18 providing, additional protections for specific documents or information produced by such party. The
19 parties to the instant litigation shall retain the right to oppose any such motion or file a motion
20 seeking to remove from the protection of any such protective order or Stipulated Protective Order
21 any document or information so protected.

22    14. The parties agree that the production of any documents which are the subject of this
23 Protective Order shall not constitute a waiver of the attorney-client privilege.

24    15. No later than sixty days after the conclusion of the instant litigation, Plaintiff or any
25 other Authorized Person shall destroy all documents subject to this Protective Order and any and all
26 copies thereof or return the same to defendant NSHE.
27 ///
28 ///

L04.138.1

16. This Protective Order shall survive the conclusion of the instant litigation and shall be binding upon and inure to the benefit of the parties hereto and their directors, officers, agents, employees, representatives, heirs, administrators, executors, successors and assigns.

DATED: This 27 day of March, 2007.

JEFFREY A. DICKERSON
9655 Gateway Drive, Suite B
Reno, Nevada 89521

/s/ Jeffrey A. Dickerson

JEFFREY A. DICKERSON
*Attorneys for Plaintiff Sandrine Gaillard*

DATED: This 28th day of March, 2007.

UNIVERSITY OF NEVADA, RENO
2601 Enterprise Road
Reno, Nevada 89512

/s/ Charles Hilsabeck

CHARLES HILSABECK
Assistant General Counsel
*Attorneys for Defendants
Burnett and Vreeland*

**ORDER**

IT IS SO ORDERED.

Date: April 2, 2007

_____
**UNITED STATES MAGISTRATE JUDGE**

- 6 -

```
CHARLES HILSABECK
Assistant General Counsel
University of Nevada, Reno
Nevada Bar No. 4289
Nevada System of
Higher Education
2601 Enterprise Road
Reno, Nevada 89512
(775) 784-4901 ext. 232
(775) 784-1127—FAX
Attorneys for Defendants
Burnett and Vreeland
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

★ ★ ★ ★ ★

| | |
|---|---|
| SANDRINE GAILLARD, | Case No.: **3:06-cv-00685** |
| Plaintiff, | |
| vs. | **AFFIDAVIT** |
| BRUNO LE GALLOUDEC, an individual, NATHALIE LE GALLOUDEC, an individual, JOHN BURNETT, an individual, JANNET VREELAND, and individual, MILTON GLICK, an individual. | |
| Defendants. | |

STATE OF NEVADA
                    ss.
COUNTY OF WASHOE

I, _____, do hereby swear under penalty of perjury that the assertions of this affidavit are true and assert as follows:

1. I have read the Protective Order providing for the nondisclosure of certain confidential Affirmative Action documents pertaining to an investigation regarding Plaintiff, which have been Bates Stamped UGAIL00001 through UGAIL00154.

///

///

- 7 -

L04.138.1

2. I agree to be bound by the terms of the Protective Order and further agree that I will not disclose information from the documents which are the subject of the Protective Order.

Further, Affiant sayeth not.

_____
Date

SUBSCRIBED and SWORN/AFFIRMED
to before me, this ___ day of _____, 200__.

_____
NOTARY PUBLIC

L04.138.1